# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BRIAN P.,

               Plaintiff,

      v.

ANDREW M. SAUL,
Commissioner of Social Security,

               Defendant.

Case No. 18 C 3498

Magistrate Judge Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian P.[1] seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income (SSI). Brian seeks reversal and remand of that decision. The Commissioner filed a motion for summary judgment, asking the Court to affirm the ALJ's denial of benefits. For the reasons that follow, the Court grants in part Brian's request for a remand, denies the Commissioner's motion [20], reverses the ALJ's decision in part, and remands this case for further proceedings consistent with this Opinion.

## BACKGROUND

Brian was born on July 7, 1970. He completed eleventh-grade and previously worked as a factory laborer, fork lift operator, pizza maker, warehouse worker, and stock clerk. Brian last worked in 2006. Brian applied for SSI on August 19, 2014, claiming he became disabled on May 1, 2009 due to the after-effects of a brain aneurysm, osteoarthritis, hypertension, and depression. Brian's application was denied at the initial and reconsideration levels.

---

[1]      In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff as "Brian P." or "Brian."

Under the Administration's five-step analysis used to evaluate disability, the ALJ found that Brian had not engaged in substantial gainful activity since his application date (step one) and that he had the severe impairment of post-brain aneurysm (step two). (R. 16-17). The ALJ noted non-severe medically determinable impairments of a depressive disorder, dyslipidemia, hypertension, and left knee arthritis. *Id*. at 17. At step three, the ALJ determined that Brian did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments, including Listings 11.04 (central nervous system vascular accident), 11.18 (cerebral trauma), and 12.02 (organic mental disorders) (step three). *Id*. Applying the Paragraph B criteria, the ALJ found that Brian had moderate limitations in understanding, remembering, or applying information, mild limitations in interacting with others, moderate limitations in concentration, persistence, or maintaining pace, and mild limitations in adapting or managing himself. *Id*. at 18.

The ALJ then concluded that Brian retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 416.967(a). (R. 19-22). Specifically, the ALJ found that Brian could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for two hours total in an 8-hour workday and sit for at least six hours; occasionally balance, kneel, crouch, crawl, and climb ramps and stairs but can never climb ladders, ropes, and scaffolds; he had to avoid exposure to hazards such as unprotected heights and moving machinery; he could understand, remember, and carry out simple, routine tasks involving only simple, work-related decisions with the ability to adapt to routine workplace changes; he could not perform any fast-paced production rate work; and he could persist in such activities in two-hour intervals, with adequate pace and perseverance. *Id*. at 19. Given this RFC, the ALJ determined that Brian was unable to perform his past relevant work as a warehouse worker, an unskilled medium exertional

position (step four). *Id*. at 22. However, the ALJ found that other jobs existed in significant numbers in the national economy that Brian could perform, such as semi-conductor bonder, circuit board screener, and sealer (step five). *Id*. at 22-23. Thus, the ALJ determined that Brian was not disabled under the Social Security Act. *Id*. at 23. The Appeals Council denied Brian's request for review on March 20, 2018, leaving the ALJ's March 27, 2017 decision as the final decision of the Commissioner. *Id.* at 1-6; *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## DISCUSSION

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a sequential five-step inquiry, asking: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the claimant's impairment meet or equal an impairment specifically listed in the regulations? (4) Is the claimant unable to perform a former occupation? and (5) Is the claimant unable to perform any other work in the national economy? *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "An affirmative answer leads either to the next step, or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Zalewski*, 760 F.2d at 162 n.2.

Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *See Villano*

*v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing an ALJ's decision, the Court may "not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the" ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and her conclusions. *See Steele v. Barnhart*, 290 F.3d 936, 938, 941 (7th Cir. 2002) (internal citation and quotations omitted); *see also Fisher v. Berryhill*, 760 Fed. Appx. 471, 476 (7th Cir. 2019) (explaining that the "substantial evidence" standard requires the building of "a logical and accurate bridge between the evidence and conclusion"). Moreover, when the ALJ's "decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele*, 290 F.3d at 940.

Brian challenges the ALJ's decision on several grounds: (1) the ALJ improperly rejected the opinion of the examining psychiatrist, Dr. Mark Amdur; (2) the ALJ improperly discounted Brian's subjective symptom allegations; (3) the ALJ impermissibly "played doctor" by rejecting all mental health opinions of record and using her lay opinion to formulate Brian's RFC; and (4) the ALJ failed to properly account for his moderation limitations in concentration, persistence, or pace when evaluating his RFC and in the hypothetical to the VE.[2] The Court agrees with Brian that the ALJ failed to properly account for his moderate limitations in concentration, persistence,

---

[2]    Brian initially suggested but did not develop his argument that the ALJ failed to account for his moderate limitations in concentration, persistence, or pace in the RFC. After reviewing the briefing and the ALJ's decision, the Court requested supplemental briefing on the applicability of a series of recent Seventh Circuit decisions addressing concentration, persistence, and pace issues to this case. Doc. 32. In response to the Court's request for supplemental briefing, Brian raised his challenge to the ALJ's RFC and hypothetical question to the VE based on his limitations in concentration, persistence, or pace. Doc. 36.

or pace. Because this error alone requires reversal and remand, the Court does not reach the remainder of Brian's arguments.

Brian argues that the ALJ failed to adequately account for her own finding of moderate limitations in concentration, persistence, or pace in the mental RFC determination and hypothetical to the VE. At step three, the ALJ found, in part, that Brian has moderate limitations in understanding, remembering, or applying information and in concentrating, persisting, or maintaining pace. (R. 18). The ALJ then concluded that Brian retained the mental RFC to "understand, remember, and carry out simple, routine tasks involving only simple, work-related decisions with the ability to adapt to routine workplace changes." *Id*. at 19. The ALJ further found that Brian "cannot perform any fast-paced production rate work" and he "can persist i[n] such activities in two-hour intervals, with adequate pace and perseverance." *Id*. The ALJ presented a hypothetical to the VE which omitted any reference to limitations on concentration at work, instead limiting the individual to simple, routine tasks involving only simple, work-related decisions with no fast-paced production work and two-hour persistence at adequate pace. *Id*. at 66. The second hypothetical the ALJ posed to the VE incorporated the functional limitation of a person able to perform simple, routine work and also being off-task in excess of 15% of the workday. *Id*. at 67. The VE testified that more than 15% off-task time would preclude all work, but the ALJ failed to incorporate this limitation into the RFC. *Id*.

"Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of task commonly found in work settings." 20 C.F.R. Pt. 404, Supt. P, App. 1 § 12.00C(3). Both "'the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record,' including even moderate limitations in concentration,

persistence, or pace." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). "Though particular words need not be incanted, we cannot look at the *absence* of the phrase 'moderate difficulties with concentration, persistence, and pace' and feel confident this limitation was properly incorporated in the RFC and in the hypothetical question." *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019). Generally, "employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence, and pace, and thus, alone, are insufficient to present the claimant's in this area." *Id.* This is because the terms "simple, routine, and repetitive tasks" refer to "unskilled work," which the regulations define as work that can be learned by demonstration in less than 30 days, but "the speed at which work can be learned is unrelated to whether a person with mental impairments—i.e., difficulties maintaining concentration, persistence, or pace—can perform such work." *Lanigan v. Berryhill*, 865 F.3d 558, 565-66 (7th Cir. 2017); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) ("The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity.").

In this case, the ALJ erred in her RFC assessment and accompanying hypothetical that she posed to the VE when she failed to account for her own findings of moderate limitations in concentration, persistence, pace. The ALJ recognized that "the record reasonably supports that the residual effects of [Brian's] aneurysm included memory deficits" and that Brian is moderately limited in concentration, persistence, or pace. (R. 18, 21). In justifying her RFC assessment, the ALJ explained that the RFC's limitation to "[1] simple, routine tasks involving only simple, work-related decisions with [2] routine workplace changes reasonably accommodates symptoms associated with [Brian's] memory and calculation problems." (R. 21). However, the first restriction does not adequately address Brian's moderation limitations in concentration,

persistence, and pace due to memory problems. *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) ("we have 'repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'"); *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) (rejecting RFC and hypothetical limiting claimant to "simple, work related decisions" because it "exclude[d] complex tasks that require higher-level thinking but d[id] not acknowledge [claimant's] moderate limitations with following a schedule and sticking to a given task."); *Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008) (restricting a claimant to "simple, unskilled" work does not sufficiently account for "difficulty with memory, concentration, or mood swings."). In addition, the ALJ cited no evidence supporting her finding that Brian's memory problems are limited to complex and detailed tasks.

The second restriction regarding workplace changes deals with workplace adaption, not concentration, persistence, and pace. *Mischler v. Berryhill*, 766 Fed. Appx. 369, 376 (7th Cir. 2019) ("only occasional changes in the work setting" "primarily deals with workplace adaptation, rather than concentration, persistence, and pace."); *Varga*, ("'few if any work place changes' with limited 'interaction with coworkers and supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence."). The ALJ also found that Brian's memory deficits "reasonably limit him to unskilled work without strict production demands as defined in the functional capacity assessment." (R. 21). The ALJ's added limitation precluding "fast-paced production rate work" likewise fails to account for Brian's moderate limitations in concentration, persistence, or pace. *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) ("there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Paul v. Berryhill*, 760

Fed. Appx. 460, 465 (7th Cir. 2019); *O'Connor-Spinner*, 832 F.3d 690, 698 (7th Cir. 2016) ("Yet the Commissioner has not cited, nor have we found, any authority supporting the ALJ's speculation that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including, as part of the claimant's mental residual functional capacity, a moderate limitation on concentration, persistence, and pace.").

The Commissioner argues that the ALJ's RFC and hypothetical were adequate in this case because they specifically addressed Brian's persistence and pace. It is true that notwithstanding Brian's moderate limitations in concentration, persistence, and pace which are memory-related, the ALJ found that he cannot perform any fast-paced production work and he retained the ability to perform activities in two-hour intervals with adequate pace and perseverance. (R. 19). However, the ALJ's finding and the Commissioner's argument present several problems. First, eliminating fast-paced production rate work does not account for Brian's moderate concentration-functioning deficits. *Minger v. Berryhill*, 307 F.Supp.3d 865, 870 (N.D. Ill. 2018) ("There's no authority to show that 'no fast-paced quotas' eliminates jobs, in a VE's mind, that cannot be performed by someone with a moderate limitation on concentration."). Thus, even if eliminating fast-paced production rate work sufficiently accounted for Brian's limitations in persistence and pace, the RFC and accompanying hypothetical fail to account for Brian's difficulties in concentration and memory.

Second, the ALJ's finding that Brian could concentrate and persist in activities for two-hour segments with adequate pace and perseverance is not supported by substantial evidence. An ALJ must explain how she reached her RFC conclusions and support those conclusions with evidence from the record. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing

specific medical facts ... and nonmedical evidence"); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) ("Contrary to SSR 96-8p, … the ALJ did not explain how he arrived at [his RFC] conclusions; this omission in itself is sufficient to warrant reversal of the ALJ's decision."). Here, the ALJ did not specify what evidence supported the two-hour concentration with adequate pace and perseverance restriction. None of the doctors opined that Brian can conduct simple and routine tasks while maintaining concentration and attention for two-hour intervals with an adequate pace and perseverance. *Warren v. Colvin*, 2013 WL 1196603, at *4 (N.D. Ill. March 22, 2013) ("No physician opined that [the claimant] is capable of concentrating a certain number of hours at a time, and the ALJ did not explain what medical records supported her finding of a two-hour attention span."). The ALJ did not explain how any evidence in the record translates into a finding that Brian can concentrate and persist for any amount of time at a normal pace, let alone for two-hour intervals. Although the ALJ cited three instances where his primary care physician's office noted that Brian's attention span was normal and his short-term memory was intact (R. 18, 21, 359, 371, 389), a finding that Brian could pay attention in the doctor's office in the context of a physical exam or a short follow-up is "an altogether different environment than a full day at a competitive workplace with sustained demands." *Crump*, 932 F.3d at 571. Thus, there is no logical bridge between the evidence and the ALJ's conclusion that Brian could persist in simple, routine activities in two-hour intervals, with adequate pace and perseverance. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). For this additional reason, a remand is appropriate.

The ALJ's failure to adequately account for Brian's demonstrated memory impairment is not harmless. "When the ALJ supplies a deficient basis for the VE to evaluate the claimant's impairments, this error necessarily calls into doubt the VE's ensuing assessment of available jobs." *Crump*, 932 F.3d at 570; *Winsted*, 923 F.3d at 477 ("Because the ALJ did not include Winsted's

difficulties with concentration, persistence, pace in the hypothetical he *did* consider, the decision cannot stand."). Because the hypothetical did not address Brian's moderate limitations in concentration, persistence, and pace, substantial evidence does not support the ALJ's finding that Brian retains the RFC to perform the jobs identified by the VE. The VE testified that an individual who was off task more than 15% of a workday could not perform the identified semiconductor bonder, circuit board screener, and sealer jobs. (R. 67); *see O'Connor-Spinner*, 832 F.3d at 698 (suggesting that if "moderate impairments on maintaining concentration, persistence, and pace equates to being off task at least 15% of the time," then claimant was "essentially unemployable" according to the VE, which "at least calls into question the ALJ's assertion that eliminating jobs which require strict production quotas or fast pace sufficiently accounts for moderation limitation on concentration, persistence and pace."). The ALJ failed to explain how, despite Brian's moderate limitations in concentration, persistence, and pace, he could remain on task for 85% of an eight-hour workday. *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding where the ALJ failed to build an accurate and logical bridge between claimant's moderate difficulties in various functional areas and the ALJ's finding that claimant would not be off task more than 10% of the workday); *Warren* 2013 WL 1196603, at *5 (directing on remand, "the ALJ shall take additional evidence to determine how moderate limitations in concentration, persistence, or pace translate into an amount of off task time at work when performing 'simple routine activities' which 'have few social demands'" in light of the VE's testimony regarding jobs available for a person who would be off task more than 10% or 15% of the workday.). The Seventh Circuit's decisions in *Crump*, *Winsted*, *DeCamp*, *O'Connor-Spinner, Varga,* and *Craft* require remand here.

The Commissioner's reliance on *Jozefyk v. Berryhill*, 923 F.3d 492 (7th Cir. 2019), does not compel a different result. In *Jozefyk*, the ALJ tailored claimant's workplace setting to

accommodate for his social anxiety issues by requiring unskilled work with "no more than occasional contact with supervisors and coworkers; no contact with the public; and an assigned work area at least ten to fifteen feet away from coworkers." *Jozefyk*, 923 F.3d at 495. Jozefyk argued that the ALJ erred in omitting accommodations for his "less severe symptoms," including difficulty with attention and concentration. *Id*. at 497. Jozefyk "insist[ed] that he ha[d] memory and concentration difficulties, but doctors observed that Jozefyk appeared 'alert and oriented' and performed well on memory tests." *Id*. Moreover, "according to the medical evidence, [Jozefyk's] impairments surface[d] only when he [wa]s with other people or in a crowd." *Id*. at 498. The ALJ found that Jozefyk's memory and concentration were slightly impaired. *Id*. The *Jozefyk* court found that the ALJ "adequately account[ed] for the claimant's demonstrated psychological symptoms." *Id*. The Seventh Circuit further held that even if the ALJ's RFC assessment was flawed any error was harmless. *Id*. "Because Jozefyk did not testify about restrictions in his capabilities related to concentration, persistence, or pace deficits and the medical record does not support any, there are no evidence-based restrictions that the ALJ could include in a revised RFC finding on remand." *Id*.

Unlike the situation in *Jozefyk*, the medical record here shows that Brain performed poorly on memory tests and thus, that this moderate limitations in concentration, persistence, and pace may prevent him from persisting in "simple, routine tasks involving only simple, work-related decisions" in two-hour intervals at an adequate pace while being restrained to no "fast-paced production rate work." For example, Brian attained a score of 17 out of 30 on the Montreal Cognitive Assessment, indicating "significant cognitive impairment." *Id*. at 363. On the memory portion of the test:

> [Brian] lost all five possible points. . . . The MOCA's memory test scores retrieval
> of five words after approximately five minutes. . . . [Brian] was unable to recall any

of the five words after five minutes.  He was also unable to recall three of the words immediately indicating that the memory impairment includes defective registration.

*Id*.  Further, at a mental status examination, Brian was not able to recall any objects at both one and five minute intervals, could only repeat a series of two numbers backwards, and only calculated Serial 7's through 79 *Id.* at 353.  The ALJ recognized that the record "supports that the residual effects of the claimant's aneurysm included memory deficits." (R. 18).  In contrast to *Jozefyk*, Brian and his brother testified consistently with the medical record about how his memory problems impair his concentration, persistence, and pace. (R. 49- 50, 52, 53-57).  Nothing in the RFC and hypothetical questions accounted for Brian's poor memory scores or the ALJ's finding of memory deficits.  Finally, an RFC restriction related to off-task time for lapses in concentration and attention may address Brian's concentration, persistence, or pace limitation due to memory problems.

On remand, the ALJ must properly account for Brian's moderate limitations in concentration, persistence, and pace in her mental RFC and hypothetical to the VE and cite specific evidence that supports her conclusion.  As the Seventh Circuit has explained, "the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." *O'Connor-Spinner*, 627 F.3d at 619.

## CONCLUSION

For the reasons set forth above, Brian's request for remand is granted in part and the Commissioner's Motion for Summary Judgment [20] is denied.  Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this Opinion.

**SO ORDERED.**

Dated:  January 15, 2020

Sunil R. Harjani
United States Magistrate Judge